UNSEALED PER ARREST

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Criminal No. 12CR 732 |
| V. | § § | |
| CHASE LINDSEY, D.C. | § § | 18 U.S.C. § 1341 |
| | § | 18 U.S.C. § 1349 |
| MARION YOUNG | § § § § | |
| Defendants | § | |

United States District Court
Southern District of Texas
FILED
NOV 28 2012
David J. Bradley, Clerk of Court

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Commit Mail Fraud - 18 U.S.C. §1349)

### A. INTRODUCTION

At all times material to this Indictment:

1. CHASE LINDSEY, defendant herein, was a practicing Chiropractor and part owner of Lindsey Chiropractic Clinic located in Bryan, Texas.

2. ████████████, defendant herein, was the office manager for Sanjoh and Associates Law Firm located in Bryan, Texas and part owner of Texas Avenue Chiropractic Clinic, H&E Chiropractic Clinic, and Private Chiropractic Care; each of which was located in Bryan, Texas.

3. MARION YOUNG, defendant herein, was part owner of Private

3. MARION YOUNG, defendant herein, was part owner of Private Chiropractic Care.

4. ███████████████ defendant herein, was part owner of H&E Chiropractic Clinic.

5. ███████████████ defendant herein, worked at Sanjoh and Associates Law Firm in Bryan, Texas, and was part owner of Private Chiropractic Care.

## B. THE CONSPIRACY

6. Beginning on or about February 2007, the exact time being unknown to the grand jury, and continuing thereafter through December 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**CHASE LINDSEY,**

**MARION YOUNG,**

did knowingly, intentionally, and willfully combine, conspire, confederate and agree with each other, and others known and unknown to the grand jury to commit mail fraud.

## C. MANNER AND MEANS

It was a part of the conspiracy that:

7. Defendant ███████████████ would and did use his position as the

Office Manager of Sanjoh and Associates Law Firm to recruit individuals involved in auto accidents to be represented by the Sanjoh Law Firm.

8. Defendant ███ would and did pay referral fees to individuals who referred accident clients to the Sanjoh Law Firm.

9. Defendant ███ would and did send the individuals he recruited to various chiropractic clinics he owned with Defendants MARION YOUNG, ███ and ███ as well as one owned by defendant CHASE LINDSEY.

10. Defendants ███ and ███ would and did open and operate Texas Avenue Chiropractic Clinic.

11. Defendants ███ and ███ would and did cause another individual to open H&E Chiropractic Care so that they could continue the fraudulent scheme.

12. Defendants ███ and MARION YOUNG would and did open Private Chiropractic Care in Defendant ███'s name so that they could continue the fraudulent scheme.

13. Defendants ███ and CHASE LINDSEY would and did agree that LINDSEY would see Sanjoh clients at Lindsey Chiropractic Care so that they could continue the fraudulent scheme.

14. Defendants CHASE LINDSEY and ▓▓▓▓▓▓ would and did agree that Lindsey would be the chiropractor at Dickerson's chiropractic clinics.

15. Defendants CHASE LINDSEY and ▓▓▓▓▓▓ would and did agree that Dickerson would pay Lindsey approximately $2,000.00 per month; usually in cash.

16. Defendant CHASE LINDSEY would and did routinely recommend medically unnecessary therapeutic treatments for the Sanjoh clients.

17. Defendant CHASE LINDSEY would and did allow false and fraudulent chiropractic clinic bills under his name from Texas Avenue Chiropractic Clinic, H&E Chiropractic Clinic, Private Chiropractic Care and Lindsey Chiropractic Care to be submitted by the Sanjoh law firm to various auto insurance companies.

18. Defendant ▓▓▓▓▓▓ would and did prepare the false and fraudulent chiropractic clinic bills for Texas Avenue Chiropractic Clinic, H&E Chiropractic Clinic, Private Chiropractic Care, Lindsey Chiropractic Care at the Sanjoh law firm.

19. Defendant ▓▓▓▓▓▓ would and did prepare demand letters, based on the false and fraudulent chiropractic clinic bills, and faxed them to the various auto insurance companies.

20. Defendants ▓▓▓▓▓▓ ▓▓▓▓▓▓ and CHASE

LINDSEY would and did cause the various auto insurance companies to issue accident settlement checks based on false and fraudulent chiropractic clinic bills.

21. Defendants CHASE LINDSEY, ███████████, MARION YOUNG, ███████████ and ███████████ would and did cause the various auto insurance companies to place the settlement checks into the U.S. Mail to be delivered to the Sanjoh and Associates Law Firm.

22. Defendant ███████████ would and did cause numerous settlement checks to be cashed at a local grocery store; instead of having them be deposited into the Sanjoh and Associates Law Firm bank account.

23. Defendants CHASE LINDSEY, ███████████, MARION YOUNG, ███████████ and ███████████ would and did cause more than $3 million in false billing claims to be submitted to the auto insurance companies.

24. Defendants CHASE LINDSEY, ███████████, MARION YOUNG, ███████████ and ███████████ would and did cause the auto insurance companies to pay in excess of $1.5 million in false insurance claims.

In Violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH THIRTY-ONE
### (Mail Fraud - 18 U.S.C. §1341 )

### A. INTRODUCTION

1. Section A of Count One of this Indictment is realleged and incorporated as though fully set forth herein.

### B. SCHEME AND ARTIFICE TO DEFRAUD

2. Beginning on or about February 2007, the exact time being unknown to the grand jury and continuing thereafter to on or about December 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**CHASE LINDSEY,**

**MARION YOUNG,**



aided and abetted by each other and by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, and attempting to do so, knowingly placed and caused to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, by any private or commercial interstate carrier, and caused to

6

be deposited and sent or delivered according to the directions thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, certain mail matter, as further set forth in the counts below.

### C. <u>MANNER AND MEANS</u>

3. Paragraphs 7 through 24 of Section C of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

### D. <u>EXECUTION OF THE SCHEME TO DEFRAUD</u>

4. On or about February 2007, the exact time being unknown to the grand jury and continuing thereafter to on or about December 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**CHASE LINDSEY,**

**MARION YOUNG,**

executed and attempted to execute the aforesaid described scheme and artifice to defraud by placing and causing to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service and by any private or commercial interstate carrier, certain mail matter as set forth in the counts below:

| COUNT | DATE | MAIL MATTER |
|---|---|---|
| 2 | December 4, 2007 | Check no. 5078071905 in the amount of $1,850.00 drawn on the account of Farmers Insurance and payable to MARION YOUNG and Sanjoh and Associates |
| 3 | December 4, 2007 | Check no. 5078071906 in the amount of $1,250.00 drawn on the account of Farmers Insurance and payable to Victor Hamilton, Roshunda Hamilton and Sanjoh and Associates |
| 4 | December 4, 2007 | Check no. 5078071907 in the amount of $1,250.00 drawn on the account of Farmers Insurance and payable to Victor Hamilton, Roshunda Hamilton and Sanjoh and Associates |
| 5 | December 13, 2007 | Check no. 395830 in the amount of $4,800.00 drawn on the account of State Farm and payable to John Williams, as Parent and Natural Guardian of Donnie Nelson, a minor and Sanjoh and Associates |
| 6 | December 28, 2007 | Check no. 399923 in the amount of $6,000.00 drawn on the account of State Farm and payable to Sanjoh and Associates and Glenisha Workman |
| 7 | January 14, 2008 | Check no. 5266095801 in the amount of $886.00 drawn on the account of Farmers Insurance and payable to MARION YOUNG and Sanjoh and Associates |

| | | |
|---|---|---|
| 8 | January 14, 2008 | Check no. 5266095812 in the amount of $892.00 drawn on the account of Farmers Insurance and payable to Victor Hamilton and Sanjoh and Associates |
| 9 | January 14, 2008 | Check no. 5266095815 in the amount of $874.00 drawn on the account of Farmers Insurance and payable to Roshunda Hamilton and Sanjoh and Associates |
| 10 | February 22, 2008 | Check no. 3302147 in the amount of $5,550.00 drawn on the account of Trident and payable to J'Laura Jackson and Sanjoh and Associates |
| 11 | February 22, 2008 | Check no. 3302149 in the amount of $4,800.00 drawn on the account of Trident and payable to Brinae Webster and Sanjoh and Associates |
| 12 | April 4, 2008 | Check no. 778187 in the amount of $6,750.00 drawn on the account of Unitrin and payable to Felicia Robertson and Sanjoh and Associates |
| 13 | April 28, 2008 | Check no. 26741496 in the amount of $7,500.00 drawn on the account of Sentry and payable to Kevasha Jenkins and Sanjoh and Associates |
| 14 | June 3, 2008 | Check no. 5078075763 in the amount of $15,500.00 drawn on the account of Farmers Insurance and payable to J'Laura Jackson and Sanjoh and Associates |

| 15 | July 31, 2008 | Check no. 07012880 in the amount of $5,500.00 drawn on the account of USAA and payable to Carlester Robertson and Sanjoh and Associates |
| --- | --- | --- |
| 16 | July 31, 2008 | Check no. 07012994 in the amount of $5,000.00 drawn on the account of USAA and payable to Frederick Mercer and Sanjoh and Associates |
| 17 | September 26, 2008 | Check no. 10484546 in the amount of $2,500.00 drawn on the account of AIG Insurance and payable to Charlotte Franklin and Sanjoh and Associates |
| 18 | September 26, 2008 | Check no. 10484548 in the amount of $2,500.00 drawn on the account of AIG Insurance and payable to William Franklin and Sanjoh and Associates |
| 19 | September 26, 2008 | Check no. 10484549 in the amount of $2,500.00 drawn on the account of AIG Insurance and payable to Nicholas Franklin and Sanjoh and Associates |
| 20 | September 26, 2008 | Check no. 10484550 in the amount of $2,500.00 drawn on the account of AIG Insurance and payable to Kristov Franklin and Sanjoh and Associates |
| 21 | October 23, 2008 | Check no. 10589302 in the amount of $4,500.00 drawn on the account of AIG Centennial Insurance Co. and payable to Larry Brooks and Sanjoh and Associates |
| 22 | October 23, 2008 | Check no. 10597327 in the amount of $10,494.00 drawn on the account of AIG Insurance and payable to Larry Brooks and Sanjoh and Associates |

| 23 | December 19, 2008 | Check no. 098946 in the amount of $3,357.00 drawn on the account of State Farm and payable to George Murphy and Sanjoh and Associates |
| --- | --- | --- |
| 24 | December 19, 2008 | Check no. 098947 in the amount of $500.00 drawn on the account of State Farm and payable to George Murphy & Tasha Neal, as Parents and Natural Guardians of Vonsha McGowen, a minor and Sanjoh and Associates |
| 25 | February 12, 2009 | Check no. 1039007538 in the amount of $6,500.00 drawn on the account of Specialty Risk Services, LLC and payable to Sanjoh and Associates, John Lott, Jr. and Office of the Attorney General |
| 26 | February 12, 2009 | Check no. 1039007511 in the amount of $6,500.00 drawn on the account of Specialty Risk Services, LLC and payable to Sanjoh and Associates and Brad Reid |
| 27 | September 15, 2009 | Check no. 7849534 in the amount of $1,316.00 drawn on the account of Texas Farm Bureau and payable to Frederick Mercer and Sanjoh and Associates |
| 28 | September 15, 2009 | Check no. 7849525 in the amount of $2,211.00 drawn on the account of Texas Farm Bureau and payable to MARION YOUNG and Sanjoh and Associates |

| 29 | September 15, 2009 | Check no. 7849527 in the amount of $2,134.00 drawn on the account of Texas Farm Bureau and payable to Carlester Robertson and Sanjoh and Associates |
| 30 | December 14, 2009 | Check no. 5420000393 in the amount of $2,429.00 drawn on the account of Farmers Insurance and payable to Sanjoh and Associates and Tammy Johnson |
| 31 | December 14, 2009 | Check no. 5420000394 in the amount of $5,928.00 drawn on the account of Farmers Insurance and payable to Sanjoh and Associates Clarence Johnson |

In violation of Title 18, United States Code, Sections 1341 and 2.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice to defendants

**CHASE LINDSEY,**

**MARION YOUNG,**



that upon conviction of conspiracy in violation of Title 18, United States Code, Section 1349, or of a violation of Title 18, United States Code, Section 1341, all property, real or personal, which constitutes or is derived, directly or indirectly,

12

from gross proceeds traceable to such offenses, is subject to forfeiture.

## Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

(1) at least $1,500,000.00 obtained from the conspiracy charged in Count 1 of the Indictment.

(2) the money stated in Counts 2-31 of the Indictment.

## Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p) incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

Original Signature on File

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Albert A. Balboni
Assistant United States Attorney